ORIGINAL

Approved: _____
MITZI S. STEINER
Assistant United States Attorney

Before:   HONORABLE GABRIEL W. GORENSTEIN
          United States Magistrate Judge
          Southern District of New York

20 MAG 00867

------------------------------------ X
                                     :
UNITED STATES OF AMERICA             :   SEALED COMPLAINT
                                     :
          -v.-                       :   Violations of 18 U.S.C.
                                     :   §§ 371, 922(a)(1)(A) and
ALEXIS VELASQUEZ,                    :   2.
                                     :
               Defendant.            :   COUNTY OF OFFENSE:
                                     :   BRONX
------------------------------------ X

SOUTHERN DISTRICT OF NEW YORK, ss.:

          THOMAS ADAMS, being duly sworn, deposes and says that he is a Detective with the New York City Police Department, and charges as follows:

COUNT ONE
(Firearms Trafficking Conspiracy)

          1.   From at least in or about August 2018 up to and including at least in or about November 2018, in the Southern District of New York and elsewhere, ALEXIS VELASQUEZ, the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, trafficking in firearms in violation of Title 18, United States Code, Section 922(a)(1)(A).

          2.   It was a part and object of the conspiracy that ALEXIS VELASQUEZ, the defendant, and others known and unknown, not being licensed importers, licensed manufacturers, and licensed dealers of firearms within the meaning of Chapter 44, Title 18, United States Code, would and did willfully and knowingly engage in the business of dealing in firearms, and in the course of such business would and did ship, transport, and receive firearms in interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(a)(1)(A).

Overt Acts

3. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a. On or about August 17, 2018, an individual ("Seller-1") sent VELASQUEZ an image ("Image-1") via text message of a firearm ("Firearm-1"). VELASQUEZ responded by sending a text message to Seller-1 indicating that he would purchase Firearm-1 and other firearms that Seller-1 had available. VELASQUEZ indicated to Seller-1 that he intended to resell all but one of the firearms. VELASQUEZ was in the immediate vicinity of a residence in the Bronx, New York ("Residence-1") at the approximate time VELASQUEZ sent and received those text messages. Residence-1 is VELASQUEZ's known address.

b. From in or about August 17, 2018 to August 19, 2018, VELASQUEZ offered Firearm-1 for sale via text message to two buyers. VELASQUEZ was in the immediate vicinity of Residence-1 at the approximate time VELASQUEZ sent those text messages.

(Title 18, United States Code, Section 371.)

Count Two
(Firearms Trafficking)

4. From at least in or about August 2018 up to and including at least in or about November 2018, in the Southern District of New York and elsewhere, ALEXIS VELASQUEZ, the defendant, not being a licensed importer, licensed manufacturer, and licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully and knowingly engage in the business of dealing in firearms, and in the course of such business did ship, transport, and receive firearms in interstate and foreign commerce, to wit, VELASQUEZ obtained and offered for sale six firearms in the Bronx, New York.

(Title 18, United States Code, Sections 922(a)(1)(A) and 2.)

The bases for my knowledge and the foregoing charges are, in part, as follows:

5. I am a Detective with the New York Police

2

Department ("NYPD"), currently assigned to the Gun Violence Suppression Division. I have been personally involved in the investigation of this matter, and I base this affidavit on that experience, on my conversations with other law enforcement officials, and on my examination of various reports and records. Because this affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

6. On or about April 12, 2019, law enforcement obtained a judicially authorized search warrant (the "Search Warrant") for several electronic devices, including a cellular phone ("Phone-1") previously seized by law enforcement from ALEXIS VELASQUEZ, the defendant, in connection with the investigation of a shooting. As detailed more fully below, based on information obtained from Phone-1 pursuant to the Search Warrant, I have learned that VELASQUEZ sought to sell at least six firearms to at least three buyers.

<u>Offers to Purchase and Sell Firearm-1</u>

7. Based on my review of text messages obtained pursuant to the Search Warrant, I know that in August 2018, ALEXIS VELASQUEZ, the defendant, offered to purchase Firearm-1 from Seller-1 and subsequently offered it for sale to two buyers.

a. On or about August 17, 2018, VELASQUEZ sent a text message to Seller-1 stating "Send da flick." Based on my training and experience, I understand VELASQUEZ's message to indicate a request for a picture. In response, Seller-1 sent VELASQUEZ an image ("Image-1") of Firearm-1. VELASQUEZ then asked whether "They comin with food." Based on my training and experience, I understand VELASQUEZ's message to inquire as to whether Firearm-1 would be sold with ammunition. Seller-1 responded in the affirmative. In response, VELASQUEZ stated "Ima get all them as soon as u touch down" and "Ima Get one for my self tho." Based on my training and experience, I understand VELASQUEZ's response to indicate his intent to purchase Firearm-1 and other available firearms from Seller-1 and to resell all but one of them.

b. On or about August 17, 2018, VELASQUEZ texted Image-1 to a buyer ("Buyer-1") and stated "450 bro."

3

Based on my training and experience, I understand VELASQUEZ's message to indicate an offer to sell Firearm-1 at the stated price. In response, Buyer-1 stated "I got 400 rn." Based on my training and experience, I understand Buyer-1's response to indicate a counteroffer at the stated price.

c.   On or about August 19, 2018, VELASQUEZ received a text message from another buyer ("Buyer-2") stating "Early told me you had some shit ona market Bro." Based on my training and experience, I understand the statement of Buyer-2 to indicate that he had been informed that VELASQUEZ had firearms available for purchase. VELASQUEZ responded "Facts" and "The sneakers and shyt yea." Based on my training and experience, I understand VELASQUEZ's message to respond in the affirmative and to indicate that he had both firearms and ammunition available for sale. Buyer-2 then stated in sum and substance "I seen it just send a number." Based on my training and experience, I understand Buyer-2's response to indicate that he had seen a picture of the specified firearm and was requesting a purchase price. In response, VELASQUEZ stated "450 bro." Based on my training and experience, I understand VELASQUEZ's message to indicate an offer to sell the firearm at the stated price. In response, Buyer-2 stated "Copy Ima grab that." Based on my training and experience, I understand Buyer-2's message to indicate that he intended to purchase the firearm at the price offered by VELASQUEZ. Based on the proximity of VELASQUEZ's conversations with Buyers-1 and -2, and the identical purchase price stated to each, I believe that the firearm referenced in VELASQUEZ's conversation with Buyer-2 is Firearm-1.

8.   Based on my review of ATF reports and the aforesaid image, I have learned that Firearm-1 is a 9 millimeter Ruger semi-automatic pistol, Model SR9.

### Offer to Sell Firearm-2 through Firearm-4

9.   Based on my review of text messages obtained pursuant to the Search Warrant, I know that on or about September 3, 2018, ALEXIS VELASQUEZ, the defendant, sent a text message to Buyer-1 with an image of three firearms ("Firearm-2" through "Firearm-4"). Based on my training and experience, I understand VELASQUEZ's message to be an offer to sell Firearms 2 through 4.

10.   Based on my review of ATF reports and the aforesaid image, I have learned that Firearm-2 is a 2 inch

4

barrel revolver, Firearm-3 is a TEC-9 pistol, and Firearm-4 is a semi-automatic pistol.

### Offers to Purchase and Sell Firearm-5

11. Based on my review of text messages obtained pursuant to the Search Warrant, I know that between in or about August 2018 and November 2018, ALEXIS VELASQUEZ, the defendant, obtained a firearm ("Firearm-5") from Seller-1 and subsequently offered it for sale to two buyers.

a. On or about August 30, 2018, VELASQUEZ texted Seller-1 "U got them flixx." Based on my training and experience, I understand VELAQUEZ to be requesting a picture of a firearm. On or about August 31, 2018, VEALSQUEZ received a text message from Seller-1 with an image ("Image-2") of Firearm-5, a firearm with a laser attached to its muzzle. On September 2, 2018, VELASQUEZ responded by stating "Bring dat." Based on my training and experience, I understand VELASQUEZ's message to indicate his intent to purchase Firearm-5.

b. On or about September 5, 2018, VELASQUEZ sent a text message to Buyer-1 with three images of what appears to be Firearm-5 ("Image-3" through "Image-5"). Based on my training and experience, I understand VELASQUEZ's message to indicate an offer to sell Firearm-5 to Buyer-1. There is probable cause to believe that VELASQUEZ in fact obtained Firearm-5 from Seller-1 before making this offer because Image-3 appears to depict Firearm-5 in the left hand of an adult person with an arm tattoo. Based on information in law enforcement databases and other social media sources, I know that the arm tattoo depicted in Image-3 belongs to VELASQUEZ.

c. On or about November 2, 2018, VELASQUEZ sent a text message to another individual ("Buyer-3") with Image-3 of Firearm-5. In response, Buyer-3 inquired about the purchase price of the firearm. VELASQUEZ responded that "I need 4 bro." Based on my training and experience, I understand VELASQUEZ's message to indicate that the sale price for Firearm-5 was four-hundred dollars. Buyer-3 responded, in sum and substance, by requesting the model of the firearm and stating "Imma get it wtw." Based on my training and experience, I understand Buyer-3's message to indicate that he intended to purchase the firearm. VELASQUEZ responded that the firearm was a Model 380.

d. Based on my review of ATF reports and the aforesaid images, I have learned that Firearm-5 is a .380 ACP caliber Walther pistol, Model PK-380.

5

### Offer to Sell Firearm-6

12. Based on my review of text messages obtained pursuant to the Search Warrant, I know that on or about October 19, 2018, ALEXIS VELASQUEZ, the defendant, sent a text message to Buyer-1 with an image of a firearm ("Firearm-6") and stated "Das comin dis week." Based on my training and experience, I understand VELASQUEZ's message to indicate an offer to sell Firearm-6 to Buyer-1 once Firearm-6 was in VELASQUEZ's possession.

13. Based on my review of ATF reports and the aforesaid images, I have learned that Firearm-6 is a 4 inch barrel revolver.

14. Based on my training and experience, and my communications with other law enforcement agents, including a Special Agent from the Bureau of Alcohol, Tobacco, Firearms and Explosives who is familiar with the manufacturing of firearms, I know that Firearm-1 and Firearm-5 were not manufactured in New York State.

15. Based on my training and experience, and my review of GPS cellular data recovered from Phone-1, I have learned that ALEXIS VELASQUEZ, the defendant, was in the immediate vicinity of a residence in the Bronx, New York ("Residence-1") at the approximate time VELASQUEZ sent and received text messages regarding the purchase and sale of Firearm-1 and the sale of Firearm-5. Based on information from law enforcement databases, as well as law enforcement surveillance of the premises, I know that Residence-1 is the known address of VELASQUEZ.

WHEREFORE, deponent prays that a warrant be issued for the arrest of ALEXIS VELASQUEZ, the defendant, and that he be arrested, and imprisoned or bailed, as the case may be.

_____
THOMAS ADAMS
Detective
Gun Violence Suppression Division
New York City Police Department

Sworn to before me this
24 day of January, 2020

_____
HONORABLE GABRIEL W. GORENSTEIN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK